*617 MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I dissent from the part of the court’s judgment that upholds Mr. Scheer’s quite transparent effort to use his public office to thwart the efforts of the anonymous plaintiffs to ensure that the Constitution is observed. The court refers to all the apposite authorities, but, with respect, I believe that it applies them incorrectly. In my view, in the context in which Mr. Scheer was operating, it is apparent that an objective observer could see his actions as state-sponsored. See Santa Fe Indep. Sch. Dist. v. Doe, 530 U.S. 290, 308, 120 S.Ct. 2266, 147 L.Ed.2d 295 (2000). He was acting as a member of the school board in an environment in which the recent school-prayer controversy had already been alluded to; indeed, the school board president, instead of merely passing the matter by, had intentionally expressed his displeasure that the first amendment had been invoked and the plans for an invocation abandoned. It is at the very least a jury question whether an objective observer would regard Mr. Scheer’s “speech” as state-sponsored.
It needs saying directly, though the court does not say so, that Mr. Scheer was not merely speaking, he was praying. He invoked the deity. He “spoke” in the vocative case and he invited others to join in. He recited a prayer that must have been familiar to everyone who was present. This was a religious act, pure and simple, at a state-sponsored event by a state actor who, or so at least a reasonable person could conclude, was determined that the ceremony would be outfitted with a benediction despite the school board’s decision that it would not be. This was the manifest purport of Mr. Scheer’s statement that “there is a saying that when the door closes another one opens.” For that ac-
tion, Mr. Scheer should be required to respond in damages.
I therefore respectfully dissent.